UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
THOMAS GESUALDI, ANTHONY D'AQUILA,
LOUIS BISIGNANO, MICHAEL O'TOOLE, BENNY
UMBRA, JOSEPH FERRARA, FRANK FINKEL,           Case No.:
MARC HERBST, DENISE RICHARDSON, and
THOMAS CORBETT, as Trustees and fiduciaries of the
Local 282 Welfare, Pension, Annuity, Job Training, and     COMPLAINT
Vacation and Sick Leave Trust Funds,

         Plaintiffs,
  -against-

G & S CARTING INC., d/b/a G & S TRUCKING CO.,

         Defendant.
------------------------------------------------------------------------x

  Plaintiffs, THOMAS GESUALDI, ANTHONY D'AQUILA, LOUIS BISIGNANO, MICHAEL O'TOOLE, BENNY UMBRA, JOSEPH FERRARA, FRANK FINKEL, MARC HERBST, DENISE RICHARDSON, and THOMAS CORBETT, as Trustees and fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds (collectively, the "Funds"), for their Complaint allege as follows:

## INTRODUCTION

  This is an action by the Trustees and fiduciaries of employee benefit plans for injunctive and monetary relief under Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145 and Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

  This action arises from the failure of Defendant G & S CARTING INC., d/b/a G & S TRUCKING CO., ("G & S CARTING") to remit payment of unpaid contributions determined to be due and owing as a result of the Funds' audit of G & S CARTING's pertinent books and records covering the period September 1, 2012 through September 30, 2013; the failure to submit remittance reports and remit payment of contributions for the weeks ending February 7, 2014,

February 14, 2014, February 21, 2014, February 28, 2014, March 7, 2014, March 14, 2014, March 21, 2014 and March 28, 2014; the failure of G & S CARTING to remit interest due and owing on late-paid contributions for the weeks ending January 13, 2013, January 20, 2013, March 3, 2013, March 10, 2013, March 17, 2013, March 24, 2013, March 31, 2013, May 5, 2013, May 17, 2013, May 24, 2013, June 2, 2013, June 9, 2013 and June 16, 2013; the failure of G & S CARTING to pay liquidated damages due and owing as a result of its failure to timely remit contributions for the weeks May 17, 2013 and May 24, 2013, which were referred to counsel for collection; and G & S CARTING's underpayment of contributions due for November 2012 and December 2012 .

Plaintiffs seek to collect from G & S CARTING the following amounts: (1) unpaid contributions totaling $44, 570.26, which was found to be due and owing as a result of an audit of G & S CARTING's pertinent books and records for the period September 1, 2012 through September 30, 2013 (Audit #14-0984), plus interest, liquidated damages, and audit costs;  (2) unpaid contributions in the amount of $38,874.48 for the weeks ending February 7, 2014, February 14, 2014, February 21, 2014, February 28, 2014, March 7, 2014, March 14, 2014, March 21, 2014 and March 28, 2014, plus interest, and liquidated damages;  (3) interest in the amount of $539.88 due on late-paid contributions received for the weeks ending  January 13, 2013, January 20, 2013, March 3, 2013, March 10, 2013, March 17, 2013, March 24, 2013, March 31, 2013, May 5, 2013, May 17, 2013, May 24, 2013, June 2, 2013, June 9, 2013 and June 6, 2013; (4) liquidated damages in the amount of $ 1,129.29 resulting from G & S CARTING's failure to timely remit contributions for the weeks ending May 17, 2013 and May 24, 2013;  (5) underpaid contributions due for November 2012 and December 2012 in the amount of $ 230.35 plus interest and liquidated damages; (6) other amounts which may, upon

information and belief, become due and payable during the pendency of this litigation; and (7) attorneys' fees and costs incurred by the Funds in seeking to collect the aforementioned amounts and in prosecuting this action.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(f) and 1145 and pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

2. Venue lies in this district under 29 U.S.C. § 1132(e)(2), as the Funds are administered in this district.

## THE PARTIES

3. Plaintiffs are Trustees and fiduciaries of the Funds within the meaning of 29 U.S.C. § 1002(21)(A), as they have discretion and control over the assets and administration of the Funds.

4. The Funds are "employee benefit plans" and "multiemployer plans" within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and § 1002(37), with their principal place of business at 2500 Marcus Avenue, Lake Success, New York 11042. The Funds are jointly administered by a Board of Trustees, with equal numbers of labor and management representatives in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

5. Pursuant to the terms of various collective bargaining agreements between Building Material Teamsters Local 282 ("Local 282" or the "Union") and various employers (the "Employers"), the Employers, including G & S CARTING, are required to contribute to the Funds on behalf of workers covered by the collective bargaining agreements.

6. The Funds are maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from the Employers and providing benefits to eligible participants and their beneficiaries.

7. The collective bargaining agreements and the Trust Agreement are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the collective bargaining agreements.

8. Upon information and belief, G & S CARTING is, and at all times relevant to this action has been, located at 4439 Arthur Kill Road, Staten Island, NY 10309 or 28 Sweetwater Avenue, Staten Island, NY 10308.

9. Upon information and belief, G & S CARTING is, and at all times relevant to this action has been, engaged in the trucking business within, *inter alia*, the State of New York.

10. G & S CARTING is, and at all times relevant to this action has been, an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Article I, Section 1 of the Trust Agreement.

## FACTUAL BASIS FOR CLAIMS

The Collective Bargaining Agreement, the Trust Agreement and
<u>the Obligation to Contribute to the Funds</u>

11. G & S CARTING has been party to a series of Collective Bargaining Agreements between the Metropolitan Truckers Association, Inc. and Independents ("MTA") and Local 282, including for the periods July 1, 2009 through June 30, 2012 (the "2009-2012 CBA") and July 1, 2012 through June 30, 2016 ("2012-2016 CBA") (collectively the "CBAs").

12. The CBAs expressly provide that the Employer is bound to the Trust Agreement.

13. At all times relevant to this action, the CBAs require Employers, including G & S CARTING, to submit remittance reports to the Funds that identified the employees who performed work covered by the CBA and to state the number of hours each such employee worked in covered employment.

14. Along with the remittance reports, the CBAs also require Employers, including G & S CARTING, to remit contributions to the Funds on behalf of all employees who performed work covered by the CBAs, at specified rates for each hour of covered employment, subject to certain limitations set forth in the CBAs.

15. The Trust Agreement provides that if the Employer fails to remit contributions by the date due, the Employer is liable to the Funds for (i) the delinquent contributions; (ii) interest at the rate of 1.5% per month (18% per year) from the first day of the month when the payment was due through the date of payment[1]; (iii) an amount equal to the greater of (a) interest on the unpaid contributions, or (b) liquidated damages in the form of 20 percent of the unpaid contributions; and (iv) the Funds' attorneys' fees and costs.

16. The Trust Agreement further requires an Employer to submit to periodic audits of its pertinent books and records. Specifically, Article IX, Section 1(d) of the Trust Agreement provides that "[t]he Trustees may at any time audit the pertinent books and records of any Employer in connection with" the Employer's contributions to the Funds.

17. Article IX, Section 1(d) of the Trust Agreement specifically defines "pertinent books and records" to include but not be limited to:

  (A) Payroll records, including payroll journals, time cards, print-outs, ledgers or any other form of payroll record;
  (B) Payroll tax records submitted to federal and state governments including Forms 941, and W-2;

---

[1] Pursuant to an Amendment to the Trust Agreement, effective May 1, 2013, interest is due on contributions "from the date when payment was due to the date when payment was made."

5

   (C)  Complete business income tax returns;
   (D)  Cash disbursement records;
   (E)  General ledgers;
   (F)  Records relating to the hiring of trucks, including equipment vouchers, invoices and payment records; and
   (G)  Any other records specifically requested by the Funds' auditors, including the classification of employees, their social security numbers, and the amount of wages paid and hours worked.

  18.  Article IX, Section 1(d) of the Trust Agreement additionally provides that pertinent books and records of an Employer include:

> the books and records of any business which is bound by a collective bargaining agreement with the Union which requires contributions to any of the Funds and any other business entity which is affiliated with such business and which either: 1) has employed persons who have performed the same type of work as the employees of the Employer covered by the Union agreement, or 2) is part of a group of trades or businesses "under common control," as that term is used in 29 U.S.C. § 1301(b)(1) for withdrawal liability purposes, which includes the Employer.

  19.  The Trust Agreement requires an Employer to submit its pertinent books and records to audit in order to verify that all contributions required under the CBAs have been remitted to the Funds, that such contributions have been made solely on behalf of individuals eligible to participate in the Funds, and that covered workers are receiving the required benefits and/or credits.

  20.  Where an audit discloses a delinquency, an Employer, in addition to paying the contributions identified as being owed, is required under Article IX, Section 3 of the Trust Agreement to pay interest on the amount of contributions due, plus liquidated damages, audit fees, attorneys' fees, and costs.

  21.  Article IX, Section 4 of the Trust Agreement, with the sanction of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorizes the Trustees to bring actions to enforce

an employer's obligations to the Funds under its collective bargaining agreements with Local 282, including the obligation to make contributions to the Funds.

22. Article IX, Section 3 of the Trust Agreement, with the sanction of Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), requires payment of interest on unpaid contributions at the rate of 1.5 percent per month.

23. Article IX, Section 3(c) of the Trust Agreement, with the sanction of Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), requires payment of additional damages equal to the greater of the amount of interest charged on the unpaid contributions or liquidated damages in the form of 20 percent of the unpaid contributions.

24. Article IX, Section 3(a) of the Trust Agreement, with the sanction of Section 502(g) of ERISA, 29 U.S.C. § 1132(g), requires payment of attorneys' fees incurred in collection actions, whether a suit has been filed or not, equal to the actual amount billed to the Trustees by their counsel for work performed in connection with the matter.

**Unpaid Audit**

25. Prior to the filing of this action, G & S CARTING agreed to and did submit its pertinent books and records to audit for the period September 1, 2012 through September 30, 2013. The Funds' auditors reviewed the pertinent books and records of G & S CARTING and prepared audit #14-0984 covering said period.

26. Pursuant to the CBA, the Trust Agreement and audit #14-0984, G & S CARTING was found to owe $44, 570.26 in delinquent contributions, plus interest calculated through April 11, 2014 in the amount of $5,694.25, plus the costs of the audit in the amount of $1,350.00.

27. By letter dated May 7, 2014, the Funds provided a copy of audit #14-0984 to G & S CARTING with a demand for payment.

28. By letter dated June 27, 2014, Funds' counsel reiterated the demand for payment of audit #14-0984. To date, audit #14-0984 remains unpaid. Interest continues to accrue on the delinquent contributions until they are received by the Funds.

**Failure to Submit Remittance Reports and Unpaid Contributions**

29. The CBAs require G & S CARTING to submit remittance reports and remit contributions for all pay periods on a weekly basis.

30. For the weeks ending February 7, 2014, February 14, 2014, February 21, 2014, February 28, 2014, March 7, 2014, March 14, 2014, March 21, 2014 and March 28, 2014 , G & S CARTING failed to submit remittance reports and to pay contributions to the Funds that are due and owing.

31. By letters dated June 19, 2013, August 30, 2013, April 11, 2014, May 12, 2014, and May 29, 2014, the Funds' counsel demanded payment of the unpaid contributions.

32. To date G & S CARTING has failed and refused to submit the remittance reports and pay the unpaid contributions for the aforementioned periods and they remain due and owing, plus interest and liquidated damages.

**Underpaid Contributions**

33. For the period November 2012 and December 2012, G & S CARTING submitted remittance reports and contributions, but failed to remit the full amount of contributions due and owing. The amount of underpaid contributions totals $230.35 plus interest and liquidated damages.

34. By letters dated April 30, 2014 and June 24, 2014, the Funds made written demands for payment of the underpaid contributions due for the period November 2012 and December 2012. To date, the underpaid contributions remain unpaid.

**Unpaid interest due on late-paid contributions**

35. G & S CARTING remitted contributions after the dates they were due for the weeks ending January 13, 2013, January 20, 2013, March 3, 2013, March 10, 2013, March 17, 2013, March 24, 2013, March 31, 2013, May 5, 2013, May 17, 2013, May 24, 2013, June 2, 2013, June 9, 2013 and June 16, 2013.

36. As a result of these late-payments, interest became due and owing in the total amount of $539.88.

37. By letters dated April 17, 2013, July 17, 2013, October 8, 2013, and October 15, 2013, the Fund Office demanded payment of the interest amounts due. To date, the interest amounts remain unpaid.

**Supplemental damages on late paid contributions**

38. For the weeks ending May 17, 2013 and May 24, 2013, G & S CARTING failed to remit the contributions when due. The Funds referred collection of these periods to counsel.

39. G & S CARTING remitted the contributions after the date such payments were due. As a result, pursuant to Article IX, Section 3 of the Trust Agreement, the Funds are entitled to interest on the late-paid contributions at the rate of 1.5% per month and additional damages equal to the greater of the interest amount or liquidated damages equal to 20% of the unpaid contributions.

40. The contributions due for the week ending May 17, 2013 were paid 96 days after they were due. As a result, interest in the amount of $144.02 and liquidated damages equal to 20% of the late-paid contributions in the amount of $608.97 are due.

41. The contributions due for the week ending May 24, 2013 were paid 96 days after they were due. As a result, interest in the amount of $114.21 and liquidated damages equal to 20% of the late-paid contributions in the amount of $520.32 are due.

42. By letter dated April 11, 2014, Funds' counsel demanded payment of the supplemental damages for the weeks ending May 17, 2013 and May 24, 2013. To date, this amount remains unpaid.

**Other amounts**

43. On information and belief, additional amounts will continue to become due and owing by the Employer to the Funds during the pendency of this action.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST G & S CARTING

44. Plaintiffs' repeat and reallege each and every allegation contained in paragraphs "1" through "43" as if fully set forth herein.

45. Section 515 of ERISA, 29 U.S.C. § 1145, requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement… [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

46. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this title or the terms of the plan."

47. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), mandates that, "[i]n any action bought by a fiduciary on behalf of a Plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan:

   a. the unpaid contributions,
   b. interest on the unpaid contributions,
   c. an amount equal to the greater of-
      i. interest on the unpaid contributions, or
      ii. liquidated damages…in an amount not in excess of 20 percent of the [unpaid contributions],
   d. reasonable attorney's fees and costs of the action, to be paid by the defendant, and
   e. such other legal or equitable relief as the court deems appropriate…."

48. G & S CARTING, by virtue of its failure to submit the remittance reports and to pay contributions, as required by the CBAs and the Trust Agreement, is subject to an injunction ordering it to immediately submit the remittance reports and to pay the unpaid contributions.

49. G & S CARTING, by virtue of its failure to remit the unpaid contributions, as determined by the audits, is subject to an injunction ordering it to immediately pay all of the unpaid contributions.

50. G & S CARTING, by virtue of its failure to pay interest on late-paid contributions, is subject to an injunction ordering it to immediately pay the interest owed.

51. G & S CARTING is also required to pay interest on the unpaid contributions from the date they were due to the date they are received by the Funds, plus liquidated damages, audit costs, attorneys' fees and costs in accordance with Article IX, Section 3 of the Trust Agreement and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

52. G & S CARTING, by failing to: (i) submit the required remittance reports and pay contributions; (ii) pay the amounts due as determined by the audit; (iii) pay the underpaid contributions due and owing; (iv) pay the interest due on late-paid contributions; and (vi) pay the

interest and additional damages, as required by the CBAs and the Trust Agreement, has violated Section 515 of ERISA, 29 U.S.C. §1145, in that it has failed to make contributions in accordance with the terms of the plan documents of the Funds, thereby giving rise to an action under 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and is, thus, subject to the remedies under Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs' request that the Court enters judgment:

(A)     Ordering G & S CARTING to pay (i) unpaid contributions totaling $44,570.26, which amount has been identified as being due by audit #14-0984 plus (ii) interest on the unpaid contributions at the rate of 1.5% per month from the first day of the month when the contributions were through the date of payment, plus (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions, and (iv) the costs of the audit;

(B)     Ordering G & S CARTING to pay (i) unpaid contributions totaling $38,874.48 for the weeks ending February 7, 2014 through March 28, 2014, plus (ii) interest on the unpaid contributions at the rate of 1.5% per month from the first day the contributions were due through the date of payment, plus (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions;

(C)     Ordering G & S CARTING to pay interest in the amount of $539.88 for the late-paid contributions;

(D)     Ordering G & S CARTING to pay liquidated damages relating to its failure to timely remit contributions for the weeks ending May 17, 2013 and May 24, 2013 in the amount of $1,129.29.

(E)     Ordering G & S CARTING to pay underpaid contributions due for November 2012 and December 2012 in the amount of $ 230.35 plus (ii) interest on the unpaid contributions at the rate of 1.5% per month from the first day of the month when the contributions were due through the date of payment plus (iii) an amount equal to the greater of (a) interest on the unpaid contributions or (b) liquidated damages of 20 percent of the unpaid contributions;

(F)     Ordering G & S CARTING to submit remittance reports and to pay contributions for all periods outstanding;

(G)     Awarding Plaintiffs their reasonable attorneys' fees and costs incurred in collecting the aforementioned amounts and in prosecution of this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), and Article IX, Section 3 of the Trust Agreement; and

(H)     Ordering such other legal and equitable relief as the Court deems proper.

Dated: White Plains, New York
       July 10, 2014

                    Yours, etc.,
                    TRIVELLA & FORTE, LLP


                    _____/s/ *Jael Dumornay*____
                    JAMES R. GRISI (JG 9423)
                    JAEL DUMORNAY (JD 7497)
                    *Attorneys for Plaintiffs*
                    1311 Mamaroneck Avenue, Suite 170
                    White Plains, New York 10605
                    Tel. No.: (914) 949-9075


To:    G & S CARTING d/b/a G & S Trucking Co.
       *Defendant*
       4439 Arthur Kill Road
       Staten Island, NY 10309.

G & S CARTING d/b/a G & S Trucking Co.
*Defendant*
28 Sweetwater Avenue
Staten Island, NY 10308.